UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SynKloud Technologies, LLC ("SynKloud" or "Plaintiff") hereby alleges for its Complaint for Patent Infringement against Nuance Communications, Inc. ("Nuance" or "Defendant") the following:

## NATURE OF THE ACTION

1.      This is an action for patent infringement of United States Patent No. RE 44,248 entitled "System for Transferring Personalize Matter from One Computer to Another," (the "'248 Patent" or the "Patent-in-Suit"), with named inventor Darrell A. Poirier which was duly and legally issued by the United States Patent and Trademark Office on May 28, 2013, arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq.*

**THE PARTIES**

2.      Plaintiff SynKloud Technologies, LLC is a company organized under the laws of Delaware, with its principal place of business located at 124 Broadkill Road, #415, Milton, Delaware 19968.

3.      Defendant Nuance Communications, Inc. is a corporation organized under the laws of Delaware with its principal place of business located at One Wayside Road, Burlington, Massachusetts 01803.  Nuance's registered agent for service of process is CT Corporation System located at 155 Federal St., Suite 700, Boston, Massachusetts 02110.

**JURISDICTION AND VENUE**

4.      This is an action for patent infringement arising under the provisions of the patent laws of the United States of America, Title 35, United States Code.

5.      This Court has subject matter jurisdiction over SynKloud's claims under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within the Commonwealth of Massachusetts giving rise to this action and has a principal office within the Commonwealth of Massachusetts.  The exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.  The Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in the Commonwealth of Massachusetts by, among other things, offering to sell and selling products and/or services that infringe the asserted patents.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and/or 28 U.S.C. § 1400(b).  Defendant transacts business within this district and offers for sale in this district products that infringe the Patent-in-Suit.  Defendant is registered to do business in the

Commonwealth of Massachusetts. Defendant resides and has a regular and established physical place of business in the Commonwealth of Massachusetts, as its principal office which serves as its worldwide headquarters is located at One Wayside Road, Burlington, Massachusetts 01803 as listed on the Massachusetts Secretary of State website.

## BACKGROUND

8.      On March 30, 2010, United States Patent No. 7,689,416 (the "'416 Patent") was duly and legally issued by the United States Patent and Trademark Office ("USPTO").

9.      On May 28, 2013, the '248 Patent was duly and legally issued by the USPTO.

10.     The '248 Patent is a reissue of the '416 Patent.

11.     Darrell A. Poirier is the inventor of the '248 Patent.

12.     Darrell A. Poirier is SynKloud's chief technology officer.

13.     The '248 Patent was initially assigned to General Voice, Inc. and was subsequently assigned thereafter.

14.     Plaintiff is the current assignee of the Patent-in-Suit asserted in this action and has the exclusive right to sue and collect remedies for past, present, and future infringement of the Patent-in-Suit.

15.     Neither Plaintiff nor the previous '248 Patent assignees produced, offered to sell, sold, marketed, or licensed a product after March 30, 2010 featuring the '248 Patent's technology that required marking.

## ACCUSED PRODUCTS AND/OR SOFTWARE

16.     Defendant manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing software and systems loaded on non-transitory computer readable media for speech recognition file transfer, including without limitation, Dragon Premium, Dragon

Professional Individual, and Dragon Legal Individual, which all feature infringing technology that allows users to transfer voice model files between a source computer and a destination computer resulting in an increase in speech recognition accuracy in the destination computer. In addition, it is likely that all of Defendant's products and/or software which allow users to transfer a voice model and enrollment entries between a source computer and a destination computer resulting in an increase in speech cognition accuracy in the destination computer also constitute infringing technology (collectively with the products named in the first sentence of this paragraph "Accused Products").

## **ACTUAL NOTICE AND KNOWLEDGE OF THE PATENT-IN-SUIT**

17.     Defendant had actual notice and/or knowledge of the Patent-in-Suit since at least April 6, 2015 when the Plaintiff sent a letter to Defendant that referenced the Defendant's infringing technology (*i.e.* Dragon's export/import feature for using/moving speech recognition files), the Patent-in-Suit and the Defendant's need to license it.

18.     Defendant had knowledge of the Patent-in-Suit and its infringement since April of 2015 and the filing of the complaint.

## **COUNT I: INFRINGEMENT OF U.S. PATENT NO. RE 44,248**

19.     SynKloud reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

20.     On March 28, 2013, the '248 Patent, entitled "System for Transferring Personalize Matter from One Computer to Another," was duly and legally issued by the USPTO. A true and correct copy of the '248 Patent is attached as Exhibit 1.

21.     Defendant has infringed and continues to infringe at least claims 29-38 and 51-74 of the '248 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by

making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, the Accused Products.

22.     A description of exemplary claim 29 of the '248 Patent is set forth, as just one non-limiting example, in the claim chart attached as Exhibit 2.  Plaintiff reserves the right to modify this description, including on the basis of information it obtains during discovery.

23.     For example, the Accused Products meet all of the claim limitations of claim 29 of the '248 Patent, set forth below with claim language in italics.  To the extent the preamble is limiting, the Accused Products include *computer readable non-transitory media on a source computer, the source computer including a source installation of a speech recognition computer program into which as user is enrolled and which has generated voice model files and enrollment entries associated with the user*.



(https://shop.nuance.com/store/nuanceus/custom/pbpage.dragonProINDV)



(Screenshot from Dragon Professional Individual Version 15 ("Dragon Pro") and enrolled user profiles)

24.    The Accused Products:

1.    *store program instructions comprising instructions that:*

a)    *cause the source computer to record the user's voice model files and enrollment entries;*



(Screenshot of folders containing voice model files and enrollment entries recorded by Dragon Pro associated with the "Hedley" user profile)

**Complaint and Jury Demand** - 6



(Screenshot of voice model files and enrollment entries, and folders containing more of the same
recorded by Dragon Pro within the "Current" folder)



(Screenshot of "Naturally Speaking 15" folder which contains examples of recording means such
as "Datacollector.ini," "Export Progress Form," "Dragon.log," and "Export Folder")

**Complaint and Jury Demand** - 7

b) *cause the source computer to store the user's voice model files and*

*enrollment entries in recoverable form as the user's Voice Model; and*



(Screenshot demonstrating stored user profiles within Dragon Pro)



(Screenshot of folders containing voice model files and enrollment entries stored by Dragon Pro associated with the "Hedley" user profile)

**Complaint and Jury Demand** - 8



(Screenshot of voice model files and enrollment entries, and folders containing more of the same recorded by Dragon Pro within the "Current" folder)



(Screenshot demonstrating the initial step in Storing a user profile (including associated voice model files and enrollment entries) in a recoverable form in a location other than the default directory)



(Screenshot demonstrating selected location to store a user profile (and its associated voice model files and enrollment entries) in a USB Drive)



(Screenshot demonstrating Dragon Pro packaging and exporting a user profile and its associated voice model files and enrollment entries to selected location)

           c)        *transfer the user's stored Voice Model to a destination computer, the destination computer including a destination installation of the speech recognition computer program.*



(Screenshot demonstrating stored Dragon Pro "Hedley" user profile ready for transfer to a destination computer)



(Screenshot demonstrating user selecting import on destination computer to initiate transfer of "Hedley" user profile from source computer)



(Screenshot demonstrating user selecting "Hedley" user profile to transfer onto destination computer)



(Screenshot demonstrating "Hedley" user profile and associated files during the transfer process)



(Screenshot demonstrating transferred "Hedley" user profile on destination computer)



(Screenshot demonstrating "Hedley" user profile transfer included voice model files and enrollment entries)



(Screenshot demonstrating "Hedley" user profile now located and recognized by destination computer Dragon Pro software)

25.     The Accused Products comprise instructions for the transfer outlined in paragraphs 18-20, supra, *wherein the transfer of the user's Voice Model to the destination computer enables the destination computer to enroll the user into the speech recognition computer program on the destination computer and increases the accuracy of the speech recognition computer program on the destination computer.*



([https://www.nuance.com/products/help/dragon/dragon-for-pc/enx/professionalgroup/main/Content/Users/about_user_profiles.htm](https://www.nuance.com/products/help/dragon/dragon-for-pc/enx/professionalgroup/main/Content/Users/about_user_profiles.htm))

**Getting Started and Creating a Profile**

Dragon is *speaker-dependent*. It relies on information specific to you, including what words and phrases you use often, how you sound, what audio device you use, and what settings you have; it stores this in a set of files referred to collectively as your "user profile" or just "profile."

Each person who uses Dragon must have his or her own profile. Your profile is important; the more personalized it is, the better your experience will be. To have the best start, it's worth creating your profile carefully or upgrading it from a previous version of Dragon.

This lesson will cover creating or upgrading a profile. But first, let's address what Dragon needs in order to get good audio input from you.

([https://www.nuance.com/content/dam/nuance/en_us/collateral/dragon/guide/gd-dragon-professional-workbook-en-us.pdf](https://www.nuance.com/content/dam/nuance/en_us/collateral/dragon/guide/gd-dragon-professional-workbook-en-us.pdf) )

26.     Defendant has committed acts of infringement without license or authorization. Defendant knew or should have known that its actions would cause direct and indirect infringement of the '248 Patent.  On information and belief, Defendant acted with objective recklessness by proceeding despite an objective high likelihood that its actions constituted infringement of a valid patent.

27.     Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing infringement and continuing to actively induce infringement.  Defendant actively induces and continues to induce its customers, distributors, end-users, vendors including customer-support and/or manufacturers to infringe the '248 Patent.  On information and belief, Defendant possessed a specific intent to induce infringement, and in fact did induce infringement, by engaging in affirmative acts such as by selling and causing the Accused Products to be manufactured, by providing user guides, installation or instruction manuals, and other training materials, by advertising and solicitation and otherwise providing sales-related materials, and by instructing and/or demonstrating to customers, distributors, end-users, vendors including customer-support and/or manufacturers the normal operation of the Accused Products that infringe the '248 Patent.

**Complaint and Jury Demand** - 15

Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '248 Patent, of which it had knowledge.

28.     Defendant is also liable under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '248 Patent by, among other things, providing voice model transfer capability that results in an increase in speech recognition accuracy on a destination computer in its Accused Products and by encouraging, at a minimum, customers, distributors, end-users, vendors including customer-support and/or manufacturers in this District and elsewhere, to infringe the '248 Patent.  By importing, exporting, manufacturing, distributing, selling, and/or providing the Accused Products for their intended use to customers, distributors, end-users, vendors including customer-support and/or manufacturers, Defendant has, in the past and continues to contribute to the infringement of one or more claims of the '248 Patent.  The Accused Products are material to the inventions claimed in the '248 Patent and have no substantial non-infringing uses.  Defendant is aware and/or willfully blind that these affirmative acts infringe and/or constitute contributory infringement of the '248 Patent, of which it had knowledge.

29.     Defendant is liable for indirect infringement, *i.e.*, both inducement and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '248 Patent.  For example, end users of Defendant's Accused Products infringe, either directly or under the doctrine of equivalents, one or more claims of the '248 Patent (*e.g.*, claim 29) by transferring their voice models.

30.     Defendant's conduct as alleged herein constitutes egregious behavior, and the infringement has been and continues to be willful.  As a result of Defendant's willful infringement of the '248 Patent, Plaintiff has suffered damages and will continue to suffer damages.

31.     Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives and all others acting in active concert with it from infringing the '248 Patent.

32.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) A judgment that Defendant has willfully infringed the Patent-in-Suit;

b) An injunction barring Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the Patent-in-Suit; alternatively, a judicial decree that Defendant pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment;

c) An award of damages adequate to compensate for Defendant's infringement of the Patent-in-Suit, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

d) An award of trebled damages under 35 U.S.C. § 284;

e) A declaration that this case is exceptional under 35 U.S.C. § 285;

f) An award of Plaintiff's costs and attorney's fees under 35 U.S.C. § 285 and other applicable law; and

g) Any other remedy to which Plaintiff may be entitled.


Dated: March 20, 2020                       Respectfully Submitted by SYNKLOUD
                                            TECHNOLOGIES, LLC,

                                            By and through its attorneys,


                                            */s/ Catherine Rajwani*
                                            Catherine I. Rajwani, Esq. (BBO# 674443)
                                            Herling Romero, Esq. (BBO# 703870)
                                            The Harbor Law Group
                                            300 West Main Street, Building A, Unit 1
                                            Northborough, MA 01532
                                            Phone: (508) 393-9244
                                            Fax: (508) 393-9245
                                            Email:  crajwani@harborlaw.com
                                            Email:  hromero@harborlaw.com

**Complaint and Jury Demand** - 18