UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**SYNKLOUD TECHNOLOGIES, LLC**

                Plaintiff,

     v.

**NUANCE COMMUNICATIONS, INC.**

                Defendant.

Case No. 1:20-cv-10564-PBS

**DEFENDANT'S LOCAL RULE 16.6(D)(5) MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

**DEFENDANT'S LOCAL RULE 16.6(D)(5) MOTION TO AMEND INVALIDITY CONTENTIONS**

Defendant Nuance Communications, Inc. ("Nuance") hereby respectfully files this Local Rule 16.6(d)(5) motion for leave to amend its preliminary invalidity contentions served on Plaintiff Synkloud Technologies, LLC ("SynKloud") a month ago, on September 22, 2020, under Local Rule 16.6(d)(4)(D). Specifically, Nuance seeks permission to add three arguments to its invalidity contentions: (1) the asserted claims are patent ineligible under Section 101; (2) the priority date of the asserted claims is 2004, thus additional pre-patent versions of the accused product should be asserted as prior art; and (3) the claims employing the "adapted to" term are invalid under Section 112(6) for failure to disclose sufficient structure

### I. NUANCE HAS GOOD CAUSE TO AMEND ITS INVALIDITY CONTENTIONS

Before Nuance timely served its invalidity contentions upon Synkloud, the undersigned spent more than 50 hours examining the patent at issue, analyzing the relevant prosecution histories, and conducting a thorough prior art search. (Lamkin Decl., ¶4.) This work was diligent and consistent

with the amount of time spent on other single-patent cases such as the case at-bar. (*Id.*) The resulting invalidity contentions served on Synkloud were detailed and thorough, comprising nearly three dozen pages of invalidity contentions based on prior art within and outside of the patent prosecution history.

The above notwithstanding, the undesigned discovered additional invalidity theories as part of her claim construction research that should have been presented in Nuance's invalidity contentions. (*Id.*, at ¶5.) This information was not discovered before claim construction because (1) the prosecution histories for the family of the asserted patent are unusually complex, involving multiple failed reexamination attempts and non-standard legal theories, burying the additional invalidity theories herein; (2) the theories presented herein were revealed as part of the claim construction process; and (3) the means-plus-function issue, discussed below, is rare, only seen in a couple dozen patent cases over the last 200 years, and became apparent only during the claim construction process. (*Id.*, at ¶¶4-7.)

Thus, Nuance believes it has established good cause and respectfully seeks leave to amend its invalidity contentions to address the specific issued discussed herein.

II.     **NUANCE SEEKS LEAVE TO ASSERT SECTION 101 INELIGIBILITY & SECTION 102 INVALIDITY BASED ON NEW "INCREASES ACCURACY" LANGUAGE IN THE CLAIMS**

The asserted '248 patent is a reissue of US Patent No. 7,689,416, whose claims were rejected during the original prosecution as drawn toward patent ineligible subject matter pursuant to 35 U.S.C. § 101. In response, the applicant added a new paragraph to the specification and new claim limitations in order to overcome the Section 101 rejection. Specifically, that new language included, in various forms, that the enrollment process increased the accuracy of the speech recognition computer program on the second computer. (Lamkin Decl., ¶¶8-9, Exhs B-C.) Based on these

amendments, the examiner allowed the claims to issue. (Lamkin Decl., ¶9.)

Because the examiner allowed the claims over Section 101 rejections, the undersigned did not assert Section 101 in Nuance's invalidity contentions. But as part of a careful analysis for claim construction, she realized that the new language was not added to all of the claims and issuance appears to be an error by the USPTO as the new limitations do not involve an improvement to the software itself, *i.e.*, are not "significantly more". *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217-18, 134 S. Ct. 2347, 2355 (2014) ("We have described step two of this analysis as a search for an inventive concept—*i.e.*, an element or combination of elements that is sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.") (quotation marks omitted). (Lamkin Decl., ¶10.)

Further, in its invalidity contentions, Nuance charted the pre-patent versions of the accused product because the claimed portions of the accused product are unchanged from its pre-patent versions. *See Upsher-Smith Laboratories, Inc. v. Pamlab, L.L.C.*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) ("a product which would literally infringe if later in time anticipates if earlier.") Given that the new claim language is taken from a paragraph added to the '416 specification, the asserted patent's priority date is the filing date of the original '416 patent, *i.e.,* 2004. As such Nuance would like to assert additional pre-patent versions of the accused product.

Given that the above-described invalidity arguments arose during claim construction research and the exchange of terms between the Parties and did not become apparent during the undersigned diligent invalidity research, Nuance seeks permission to amend its invalidity contentions to add Section 101 arguments and additional Nuance prior art.

**III.    NUANCE SEEKS LEAVE TO ADD SECTION 112(6) INDEFINITENESS ARGUMENTS**

During the undersigned's claim construction research and review, she discovered a fairly rare argument pursuant to 35 U.S.C. §112(6), *i.e.,* that the "adapted to" language used throughout several of the asserted claims should be treated as means-plus-function language, especially where the language follows generic structures such as "processors adapted to". *See Sarif Biomedical LLC v. Brainlab, Inc.*, No. 13-846-LPS, 2015 U.S. Dist. LEXIS 112949, at *18 (D. Del. Aug. 26, 2015) ("[I]f a claim recites a generic term that, properly construed in light of the specification, lacks sufficiently definite structure to a person of ordinary skill in the art, . . . the patentee has invoked means-plus-function claiming.")  Claim limitations drafted in means-plus-function format must specify a sufficient "corresponding structure." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1296 (Fed. Cir. 2014).  The means-plus-function claims in the '248 patent at issue do not.

This argument is rarely discussed in patent cases, appearing in only a couple dozen patent cases over the last 200 years.  (Lamkin Decl., ¶7.)  The undersigned has personally litigated over 100 patent cases and has never seen the argument prior.  (*Id*.)

Nuance has disclosed this argument to Synkloud in its LR 16.6(e) claim construction disclosures and seeks leave to amend its invalidity contentions to include this already-disclosed argument.

**IV.   CONCLUSION**

The undersigned conducted a diligent review of the complex, eight-application patent family as part of her invalidity analysis.  She missed three critical arguments that have been brought to light during the claim construction review process, not because of a lack of diligence, but because of problems inherent in the patent itself, the complexity of the prosecution history, and the sheer number of legitimate theories of invalidity in this case.  Thus, Nuance seeks permission to amend its invalidity contentions to include three arguments: (1) the asserted claims are patent ineligible under

Section 101; (2) the priority date of the asserted claims is 2004, thus additional pre-patent versions of the accused product should be asserted as Section 102 prior art; and (3) the claims employing the "adapted to" are invalid under Section 112(6) for failure to disclose sufficient structure.

Allowing Nuance to amend its invalidity contentions serves the interests of fairness and judicial economy. Allowing amendment will enable Nuance to choose the most efficient defense and swiftest resolution. Amendment will not unduly prejudice Synkloud, which was apprised of these new invalidity contentions only 28 days after Nuance served its original invalidity contentions and before the parties' claim construction briefing.

Respectfully submitted,

*Rachael D. Lamkin*
Rachael D. Lamkin
Rachael D. Lamkin (Cal. Bar #246066)
(admitted *pro hac vice* on 6/18/20)
Lamkin IP Defense
655 Montgomery St., 7th Floor
San Francisco, CA 94111
916.747.6091
RDL@LamkinIPDefense.com

/s/ Briana R. Cummings
Briana R. Cummings (BBO #692750)
Branch Legal LLC
31 Church St., Suite 3
Winchester, MA 01890
781.325.8060
781.240.6486 (fax)
briana@branchlegal.com

*Attorney for Defendant*

CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that I have spoken to Plaintiff's counsel regarding the foregoing Motion for Leave to Amend Invalidity Contentions and requested her assent to this Motion, which was not granted.

Dated:  October 21, 2020               */s/ Rachael D. Lamkin*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October, 2020, a true and accurate copy of the above and foregoing:

**DEFENDANT'S LOCAL RULE 16.6(D)(5) MOTION TO AMEND INVALIDITY CONTENTIONS**

Was filed with the Court's CM/ECF system, which provides service to all counsel of record.

*Rachael D. Lamkin*
Rachael D. Lamkin