UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC,<br><br>Plaintiff, Counter-Defendant<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC.,<br><br>Defendant, Counterclaimant. | Civil Action No. 1:20-cv-10564<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF SYNKLOUD TECHNOLOGIES'** *UNOPPOSED* **MOTION
FOR LEAVE TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS**

Plaintiff SynKloud Technologies, LLC ("SynKloud") hereby respectfully files this *unopposed* motion for leave to amend its preliminary infringement contentions ("Motion") pursuant to Local Rule 16.6(d)(5). In support of its Motion, SynKloud respectfully shows the following:

**I.    Content of Proposed Amendments/Supplements.**

The information included in SynKloud's proposed amended infringement contentions (attached hereto) reflects discussions between the parties dating back to an August 21, 2020, letter from Nuance's counsel, in which Ms. Lamkin requested additional detail and clarification regarding the "enrollment entry" and "voice model file" claim elements. SynKloud responded with the requested detail and information on these issues on August 28, 2020, in addition to information provided via phone calls between Attorney Rajwani and Attorney Lamkin.

In an April 22, 2021 letter (and in subsequent phone calls between the parties), Attorney

1

Lamkin requested that SynKloud provide additional information regarding the location of "enrollment entries" and "voice model files" through amended infringement contentions. Between April 22, 2021 and the date of filing this motion, the parties have engaged in multiple communications to clarify and resolve these issues. In addition to the requests for information on enrollment entries and voice model files, Nuance requested further clarification on how the "increases accuracy" limitation is met, along with the "record," and "store," limitations. SynKloud supplemented its interrogatory responses with said information on June 15, 2021, and now moves the Court to allow it to amend its infringement contentions to accurately reflect and formalize information already provided to Nuance.

The attached Exhibit A includes supplemental information on: 1) "enrollment entries," including the content thereof; 2) "voice model files"; 3) the respective locations of "enrollment entries" and "voice model files"; and 4) information regarding the increased speech recognition accuracy on a destination computer. The attached Exhibit B includes supplemental information concerning the recording process. The attached Exhibit C includes supplemental information demonstrating the voice model stored in recoverable form.[1] Finally, the attached Exhibit D is the proposed amended (in redline) cover letter to SynKloud's infringement contentions with removal of asserted claims which were found indefinite, along with clarification of the Dragon Medical product names (footnoted) that do not affect the course of litigation or infringement theories.[2]

---

[1] These are proposed supplemental exhibits to SynKloud's Claim 29 Infringement Chart, which are substantially the same in substance to the proposed supplemental exhibits to SynKloud's Claim 24 Infringement Chart. Regarding SynKloud's Claim 34 and 51 Infringement Charts, only point 4 regarding the increased speech recognition accuracy applies as limitations addressed in points 1-3 are not present. As such, SynKloud has only attached the proposed amendments to SynKloud's Claim 29 Infringement Chart as they encapsulate all proposed changes for all remaining claims. However, should this Court wish to review all amendments to all claim charts, SynKloud can file all supplemental exhibits with the Court for its review.

[2] Footnotes 1 through 6 address Dragon Naturally Speaking Versions 12 Medical, 13 Medical, and 15 Medical which are also known as Dragon Medical Practice Edition 2.x, 3.x, and 4.x, respectively.

## II. *Good Cause* Exists for the Court to Allow SynKloud's Proposed Amended Infringement Contentions.

Local Rule 16.6(d)(5) provides that preliminary patent-related disclosures may be amended and supplemented only by leave of court upon a timely showing of good cause. The Local Rules provide non-exhaustive examples of what may constitute good cause which are not at issue here. Due to the dearth of case law providing guidance on this District's relatively new Local Patent Rules, we turn to guidance from other districts with similar or identical Local Rules.[3]

Other districts, such as the Northern District of California, require a showing of diligence, and a lack of prejudice in finding good cause. *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2017 U.S. Dist. LEXIS 26443, at *7 (N.D. Cal. Feb. 24, 2017). SynKloud will address these points below.

> a. *SynKloud was diligent in providing the information included in its proposed amended infringement contentions.*

As indicated above, Nuance initially mailed a letter dated August 21, 2020 requesting clarifying information and detail regarding the "enrollment entry" and "voice model file" limitations. SynKloud responded promptly with this information on August 28, 2020 and had understood that the issues related to these terms had resolved. On April 22, 2021, Nuance followed-up with additional requests for clarification and requested that SynKloud amend its infringement contentions. The parties have been in communication since, all while engaging in discovery and discussing potential mediation, in an attempt to resolve the issues. The proposed amendments to SynKloud's infringement contentions attached hereto are provided at the request of Nuance in order to ensure a clear understanding between the parties, and incorporate not only

---

[3] The Northern District of California Patent Local Rule 3-6 reads identically to L.R. 16.6(d)(5). N.D. Cal. Patent L.R. 3-6 ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.")

3

the information requested in the April 22, 2021 letter, but additional information requested by Nuance via other communications. As such, SynKloud has been diligent in providing these amendments and seeking leave from this Court.

    b. *There is no risk of prejudice to Nuance.*

The proposed amendments to SynKloud's infringement contentions do not contain new infringement theories, nor do they contain information that has not already been disclosed and provided to Nuance. Some information, such as the "enrollment entry" and "voice model file" supplemental information, was provided to Nuance when originally requested in August of 2020, and is now included in amended charts at the request of Nuance. SynKloud's proposed amended infringement contentions, therefore, merely operate to codify information already known to both parties and will not disrupt the case schedule or other Court orders. *Apple Inc. v. Samsung Elecs. Co. Ltd, No. 12-cv-0630-LHK (PSG)*, 2013 U.S. Dist. LEXIS 91450, (N.D. Cal. June 26, 2013) (internal quotation marks omitted) ("Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders.")

## CONCLUSION

For the reasons set forth above, SynKloud respectfully requests that this Court grant SynKloud's Unopposed Motion.

Dated:  June 18, 2021

Respectfully Submitted by SYNKLOUD TECHNOLOGIES, LLC,

By and through its attorneys,

/s/ *Catherine Rajwani*
Catherine I. Rajwani, Esq. (BBO# 674443)
Herling Romero, Esq. (BBO# 703870)
The Harbor Law Group
300 West Main Street, Building A, Unit 1
Northborough, MA 01532
Phone: (508) 393-9244
Fax: (508) 393-9245
Email:  crajwani@harborlaw.com
Email:  hromero@harborlaw.com

## CERTIFICATE OF CONFERENCE

Counsel for SynKloud Technologies, LLC. conferred with counsel for Nuance Communications, Inc. concerning the substance of this motion.  Counsel for Nuance Communications, Inc. indicated that her client does not oppose the relief sought.

Dated:  June 18, 2021                                    /s/ *Catherine Rajwani*
                                                          Catherine Rajwani

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated:  June 18, 2021                                    /s/ *Catherine Rajwani*
                                                          Catherine Rajwani