UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No.<br>1:20-cv-10564-PBS |

**DEFENDANT NUANCE'S
MOTION FOR CLARIFICATION
OF THE COURT'S ORDER GRANTING
LEAVE TO FILE REVISED EXPERT REPORT (DKT. NO. 84)**

Defendant Nuance Communications respectfully requests clarification of the Court's order, dated January 20, 2022, ordering SynKloud to pay Nuance attorney fees related to the Court's allowing SynKloud to serve a small portion of the revised expert damages report SynKloud had sought leave to serve. Dkt. No. 83. As grounds, Nuance states:

SynKloud moved for leave to serve this revised expert report on January 4, on the stated ground that it wanted to correct the original report's mistaken inclusion of the accused products' custom word list feature. Dkt. No. 79. Nuance opposed. Dkt. No. 80.

In its motion, SynKloud said it would limit the prejudice to Nuance by offering "to cover costs related to the additional deposition[.]" Dkt. No. 79 at 5. SynKloud understood the scope of

1

the costs its new report would impose on Nuance, and that a Court would infer to be included in its promise to cover costs. (Its extensive litigation experience includes litigating 25 cases in the last three years, including an appeal to the Supreme Court.)

On January 20, the Court granted SynKloud's motion in part, with an award of attorney fees to Nuance. The order reads, in full:

> Allowed with respect to the appointment of the custom word list feature. No other revisions/corrections shall be made. Nuance shall be entitled to a supplemental deposition, attorneys fees and a rebuttal expert report. This supplemental deposition shall be taken within 30 days. The parties shall confer regarding schedule.

Dkt. No. 83.

The parties now dispute the meaning and scope of this order as to the payment of fees to which Nuance is entitled. SynKloud believes Nuance is entitled only to attorney fees associated with the supplemental deposition. Nuance believes it is entitled to *all* fees occasioned by SynKloud's second expert report—not just fees associated with having to do a supplemental deposition, but also those associated with having to produce a rebuttal expert report. It would be unjust, and seemingly inconsistent with the Court's Order, and with a good faith understanding of SynKloud's offer "to cover costs," to require Nuance to pay any of the attorney and expert fees necessitated by SynKloud's revised expert report.

WHEREFORE, Nuance respectfully requests clarification as to whether Nuance is entitled to all attorney and expert fees associated with the supplemental deposition and rebuttal expert report, including the fees that must be paid to Nuance's expert for drafting a rebuttal report.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I certify that counsel have conferred and that SynKloud does not assent to this motion.

Dated:  March 15, 2022  /s/ Briana R. Cummings

Respectfully submitted,
NUANCE COMMUNICATIONS, INC.,
By its attorneys,

/s/ Briana R. Cummings
Briana R. Cummings (BBO #692750)
Branch Legal LLC
31 Church St., Suite 3
Winchester, MA 01890
781.325.8060
briana@branchlegal.com

/s/ Rachael D. Lamkin
Rachael D. Lamkin (Cal. Bar #246066)
(admitted *pro hac vice* on 6/18/20)
Lamkin IP Defense
655 Montgomery St., 7th Floor
San Francisco, CA 94111
916.747.6091
RDL@LamkinIPDefense.com

/s/ David Greenbaum
David Greenbaum (N.Y. Bar #2947455)
(admitted *pro hac vice* on 2/7/22)
Nuance Communications, Inc.
1111 MacArthur Blvd.
Mahwah, NJ 07430
201.252.9100
david.greenbaum@nuance.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2022, I served a copy of the within motion electronically on all registered participants in this case via the Court's ECF filing system.

/s/ Briana R. Cummings
Briana R. Cummings