**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| **SYNKLOUD TECHNOLOGIES, LLC**<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**NUANCE COMMUNICATIONS, INC.**<br><br>　　　　　　　Defendant. | Case No. 1:20-cv-10564-PBS |

**DEFENDANT NUANCE'S *DAUBERT* MOTION
TO EXCLUDE THE OPINION TESTIMONY OF JOHN E. ELMORE**

Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-94 (1993), and for violation of this Court's Order, Dkt. No. 83, Nuance moves to exclude all testimony of SynKloud's damages expert, John E. Elmore. Mr. Elmore's opinions are unreliable and not helpful to a jury, and should be excluded for, among many other reasons, the following reasons:

(i) Mr. Elmore's original and revised expert reports have the wrong licensor at the hypothetical negotiation;

(ii) Mr. Elmore's original and revised reports use a royalty rate with no connection to the allegedly infringing technology;

(iii) The calculations in Mr. Elmore's revised report are not replicable because he does not provide source of the sales figures he uses in his calculations;

(iv) Mr. Elmore's revised report claims, without any factual basis or citation to any source,

that the non-accused import/export custom word lists ("IXCWL") feature is "no greater than 50%" of the accused feature set;

(v)    Mr. Elmore's original report improperly relies upon himself as the technical expert;

(vi)   Mr. Elmore's original and revised reports fails to apportion the damages figure to the contribution of the patent-in-suit; and

(vii)  Mr. Elmore acknowledges that his damages royalty rate will change again before trial, providing a moving target damages royalty rate and violating well-settled law.

This motion is based on the accompanying Memorandum of Law, the accompanying affidavit of Rachael Lamkin and all of the exhibits thereto, the documents on file in this action, and such oral and documentary evidence as may be presented at the hearing for this motion.

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I certify that counsel have conferred about, and that the plaintiff does not assent to, this motion.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Nuance respectfully requests to be heard at oral argument on this motion.

Dated:          April 27, 2022

Respectfully submitted,

*Rachael D. Lamkin*
Rachael D. Lamkin (Cal. Bar. #246066)
(admitted pro hac on 6/18/20)
LAMKIN IP DEFENSE
One Harbor Drive, Suite 300
Sausalito, CA 94965
RDL@LamkinIPDefense.com

916.747.6091

Briana R. Cummings (BBO #692750)
Branch Legal LLC
31 Church St., Suite 3
Winchester, MA 01890
781.325.8060
781.240.6486 (fax)
briana@branchlegal.com

David Greenbaum (N.Y. Bar #2947455)
(admitted pro hac on 2/7/22)
NUANCE COMMUNICATIONS, INC.
1111 Macarthur Blvd.
Mahwah, NJ 07430
Tel: (201) 252-9100

*Attorneys for Defendant Nuance Communications Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2022, a true and accurate copy of the above and foregoing:

**DEFENDANT NUANCE'S *DAUBERT* MOTION TO EXCLUDE THE OPINION TESTIMONY OF SYNKLOUD'S DAMAGES EXPERT, JOHN E. ELMORE**

Was filed with the Court's CM/ECF system, which provides service to all counsel of record.

*Rachael D. Lamkin*
Rachael Lamkin