IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SYNKLOUD TECHNOLOGIES, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**NUANCE COMMUNICATIONS, INC.**<br><br>Defendant. | Case No. 1:20-cv-10564-PBS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.     INTRODUCTION**

The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006) (*quoting* 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995).). "[S]uch a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Id*.   Here, SynKloud's Motion for Reconsideration is nothing more than a "vehicle for revisiting a party's case and rearguing theories previously advanced and rejected," and should be denied accordingly.  *See id*.

At claim construction, a year and a half ago, this Court rejected SynKloud's argument that a *voice model* can include *enrollment entries*.  Claim Construction Order, Dkt. No. 46 at 8-9,

1

11, 20.  However, ignoring this Court's Claim Construction Order, at summary judgment, SynKloud's position remained "that a voice model can include . . . enrollment entries." Summary Judgment Order, Dkt. No. 126, at 10.  The Court rejected SynKloud's attempt to revisit its failed claim construction argument.  *Id*.

Despite this Court's twice rejection of SynKloud's theory, SynKloud asks this Court—for the third time—to find that *enrollment entries* are part of a *voice model*.  SynKloud's untimely request for reconsideration of a 16-month-old decision would be deeply prejudicial to Nuance and is entirely frivolous on the merits.

> **II. SYNKLOUD'S ARGUMENT THAT THIS COURT'S FINDINGS WERE "GRATUITOUS" AND "IMPRECISE" DOES NOT CONSTITUTE THE "EXTRAORDINARY CIRCUMSTANCES" REQUIRED TO REVISIT AN ISSUE THAT HAS ALREADY BEEN RESOLVED—TWICE**

Motions for reconsideration of interlocutory orders are brought pursuant to Federal Rule of Civil Procedure 54(b), while motions for reconsideration of final orders are brought pursuant to Rule 59(e).  *Barrows v. Resol. Tr. Corp.*, 39 F.3d 1166 (1st Cir. 1994) ("Rule 59(e) . . . applies only to final judgments.")

Because the challenged orders are interlocutory, and the Court has not directed entry of a final judgment on any claims, Rule 54(b) governs SynKloud's Motion for Reconsideration ("Motion"), Dkt. No. 129.[1]  *See Stile v. Somersedit Cnty.*, No. 1:13-CV-00248-JAW, 2019 WL 640093, at *2 (D. Me. Feb. 14, 2019), *aff'd*, No. 19-1220, 2020 WL 6878092 (1st Cir. Mar. 12, 2020).

---

[1] SynKloud requests that its Motion be considered under Rule 59(e) "in the alternative."  *See* Motion, Dkt. No. 129, at 3.  But Rule 59(e) is limited to final judgments, and has a 28-day time bar, and SynKloud did not file its motion for reconsideration for 16 months.  *See* Fed.R.Civ.P 59(d).

Relying on Fifth Circuit law, SynKloud contends that, under Rule 54(b), "it need not demonstrate the existence of extraordinary circumstances in its motion for reconsideration". Motion, at 2 (*citing Cabral v. Brennan*, 853 F.3d 763, 766 n.3 (5th Cir. 2017).)   In this Circuit, however, courts entertain a motion for reconsideration under Rule 54(b) **only if** there are extraordinary circumstances, *i.e.*, "(1) the movant presents newly discovered evidence, (2) shows there has been an intervening change in the law or (3) demonstrates that the initial decision was based on a manifest error of law or was clearly unjust."  *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009); *United States v. Cintron*, 724 F.3d 32, 36 n.5 (1st Cir. 2013); *De Giovanni v. Jani-King Int'l, Inc.,* 968 F. Supp. 2d 447, 450 (D. Mass. 2013); *In re Nexium Esomeprazole Antitrust Litig.*, 42 F. Supp. 3d 231, 284 (D. Mass. 2014); *Shea v. Millett*, Civil Action No. 17-cv-12233-ADB, 2019 U.S. Dist. LEXIS 189632, at *1-2 (D. Mass. Oct. 31, 2019) (collecting cases); *Lebaron v. Mass. P'ship for Corr. Health*, No. 17-10323-PBS, 2017 U.S. Dist. LEXIS 140801, at *5 (D. Mass. Aug. 31, 2017) (Saris, J.).

Against the great weight of authority, SynKloud finds and cites two cases from this Circuit, *Pure Distribs. v. Baker*, 285 F.3d 150, 156 (1st Cir. 2002) and *Simone v. Monaco*, 2020 U.S. Dist. LEXIS 37360 (D. Mass., March 4, 2020).  But those cases do not stand for the propositions cited by SynKloud.  *See* Motion, Dkt. No. 129, at 1-2.  As to *Pure*, nothing in that case addresses the proper standard under Rule 54(b); it's completely silent on the issue.  As to *Simone*, SynKloud represented that the court found that "the plaintiff **need not demonstrate** the existence of extraordinary circumstances in a motion for reconsideration [under Rule 54(b)]". Motion, at 2 (emphasis added).  But the *Simone* court actually stated that it "is **not convinced** that Plaintiff needs to demonstrate the existence of extraordinary circumstances in his motion for reconsideration" under Rule 54(b).  *Simone*, 2020 U.S. Dist. LEXIS 37360, at *2 n.1.  Contrary

3

to SynKloud's representations, the *Simone* court did not decide the issue of what standard applies motions for reconsideration under Rule 54(b), going on to say, "But even assuming Plaintiff must prove the existence of extraordinary circumstances, Plaintiff has met his burden here." *Simone*, 2020 U.S. Dist. LEXIS 37360, at *2 n.1.

Motions for reconsideration may not be used by the losing party to repeat old arguments previously considered and rejected.  *Palmer*, 465 F.3d, at 30.  SynKloud's argument that the Court should reconsider its earlier orders because its language is "imprecise" and "gratuitous" (Dkt. 129 at 4), does not fall within the "limited circumstances" in which courts may entertain motions for reconsideration of interlocutory orders—newly discovered evidence, intervening change in the law, "manifest error of law," or "clear injustice." *De Giovanni v. Jani-King Int'l, Inc.,* 968 F. Supp. 2d 447, 450 (D. Mass. 2013).  "Regardless of which rule [it is filed under], . . . a motion for reconsideration . . . may not be used by the losing party 'to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier.'" *Bleau v. Bridgewell, Inc.*, No. CV 04-10469-REK, 2006 WL 8458093, at *4 (D. Mass. Apr. 6, 2006) (denying motion for reconsideration that was "merely use[d] . . . to reargue matters that have already been decided *twice* by this court") (emphasis in original) (citation omitted).

Further, although SynKloud purports to only seek the striking of two sentences, the Court makes the same finding present on those two sentences multiple times.  For example, at page 9 of the Court's Claim Construction Order it finds:

> Plaintiff's proposed construction does not account for the patent's significant distinction between a "user's voice model files" and "enrollment entries." '248 Patent col. 19:16–18; *id*. col. 19:57–59; *id*. col. 21:11–13; *id*. col. 21:59–60; *id*. col. 22:35–38.

4

Claim Construction Order, Dkt. No. 46 at 9; *see also id.,* at 11 ("The Court accordingly construes the term 'enroll' to mean 'register' and rejects SynKloud's proposed alternative definition 'create a user's voice model.'")

The Court's decision to grant summary judgment could (and did) rely on this statement as much as the two sentences SynKloud seeks to strike. *See* Summary Judgment Order, Dkt No. 126 at 6. As such, striking two sentences on page twenty (20) of the Markman Order does not eliminate the Court's multiple findings regarding the patent's teachings as to the distinction between *voice model files* and *enrollment entries*.

Finally, SynKloud itself asked for the following construction of voice model files: "files in a user's voice model". Dkt Nos. 24-1, at 1; 29, at 11. SynKloud's own position is that the voice model files are the files in the user Voice Model; enrollment entries are not, by SynKloud's own definition, the files in the Voice Model. Materially, SynKloud does not ask this Court to undo its construction of *voice model files*. As requested by SynKloud, the Court construed *voice model files* to be "files in the Voice Model or voice model." Claim Construction Order, Dkt. No. 46 at 22. As such, by definition, *enrollment entries* are not files in the voice model. Indeed, if both *voice model files* and *enrollment entries* are files in a voice model (Voice Model), then the term *voice model files* is also fatally indefinite; no one knows the identity of those files if they can also be enrollment entries. Regardless, this Court's findings were not "gratuitous" or "imprecise," they were entirely consistent with the teachings of an imprecise patent.

**III.   SYNKLOUD'S 16-MONTH DELAY IN REQUESTING RECONSIDERATION OF THE COURT'S CLAIM CONSTRUCTION ORDER IS UNREASONABLE AND HIGHLY PREJUDICIAL TO NUANCE, WHICH HAS HEAVILY RELIED ON THE ORDER TO BUILD ITS CASE FOR 16 MONTHS**

5

"With interlocutory orders, whether a motion for reconsideration is timely filed rests solely on whether or not the motion was filed unreasonably late[.]" *Rafael Refojos & Assocs. v. Ideal Auto. & Truck Accessories, Inc.,* No. 03-1797 (DRD), 2006 U.S. Dist. LEXIS 15699, at *3 (D.P.R. Mar. 15, 2006*)* (collecting cases). SynKloud waited 16 months to ask the Court to reconsider its claim construction order—16 months during, as SynKloud itself states, "both parties moved forward in the litigation ***using the claim constructions contained in the Court's Order***." Motion, at 6 (emphasis added). Nuance's expert reports and its summary judgment motions rely heavily upon the two sentences at-issue. *See, e.g.* Van Even Invalidity Report, Dkt. No. 95-2, at ¶¶52-53, **75**, 89, and 107; *see also* Nuance Summary Judgment Motion, Dkt. No. 87, at 7:16-12:5; Dkt. No. 106, 1:1-6:3. SynKloud received the Court's Claim Construction Order with the two sentences at-issue and did nothing. SynKloud received Nuance's expert reports relying on the two sentences at-issue and did nothing. SynKloud received Nuance's summary judgment motion relying on the two sentences at-issue and did nothing. SynKloud waited until the Parties and the Court labored through expert reports and summary judgment, and until SynKloud lost on summary judgment, to raise an alleged concern within an Order issued a year and a half ago. SynKloud cannot be allowed to drag a defendant and the Court through a year and a half of litigation, including a summary judgment loss, before it raises concerns it allegedly had with an order issued 16 months ago. *See Skrabec v. Town of N. Attleboro*, 321 F.R.D. 46, 49 (D. Mass. 2017) (denying motion for reconsideration because non-movant would be prejudiced, *inter alia*).

SynKloud says it did not seek reconsideration because this Court's Claim Constructions were correct. Motion, at 3 n.4. But then SynKloud says the two sentences at-issue are wrong. *Id*. This makes no sense. If the sentences were wrong, in SynKloud's opinion, SynKloud should

6

have sought reconsideration last year. *See Standard Quimica De Venez. v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 205 (D.P.R. 1999) (collecting cases rejecting Rule 54(b) motions for reconsideration as untimely).

SynKloud is asking this Court to make a radically different finding about what the Asserted Patent says, a finding this Court expressly rejected during both claim construction and again during summary judgment, *i.e.,* that enrollment entries are in fact part of the Voice Model. And, based solely on the striking of two sentences, SynKloud is asking this Court to reverse its findings of non-infringement and invalidity in Nuance's favor. It's an unprecedented overreach for which SynKloud cites no authority. Granting this request would be deeply prejudicial to Nuance, who has relied on this Court's multiple consistent findings for 16 months of litigation, expert reports, and summary judgment.

    IV.    **IN ADDITION TO BEING UNREASONABLY LATE, PREJUDICIAL TO NUANCE, AND IMPERMISSIBLY RELYING ON ARGUMENTS THAT WERE AVAILABLE TO SYNKLOUD THE FIRST TWO TIMES IT TRIED TO CONVINCE THE COURT OF ITS POSITION, SYNKLOUD'S MOTION SHOULD BE DENIED ON THE MERITS**

The only patent language SynKloud cites in support of its position that enrollment entries are a part of the voice model is Claim 29, limitation (b): "store the user's voice model files and enrollment entries in recoverable form as the user's Voice Model." Motion, at 4. SynKloud argues that this single limitation, as "the actual words of the claim," ends the claim construction inquiry. *Id.* at 4-5. But SynKloud ignores Claim 24, limitation (a)(ii)(A):—"store the user's enrollment entries in recoverable form as the user's voice model files and enrollment entries"—which implies that instead of enrollment entries being part of voice models, voice model files are part of enrollment entries. And Claim 34, limitation (b):—"enroll the user on said destination

computer, using the user's stored enrollment entries and the first user's user voice model files"—which implies that voice model files are used to make enrollment entries.

Thus, far from salvaging its case, limitation (b) to Claim 29 is simply further evidence that the claim term *enrollment entries* is fatally indefinite, **as the Court already found**:

> Claim 29 has a similar issue. In light of the patent's definition of a voice model, ***claim 29 fails to inform those skilled in the art of the scope of the invention***. The claim requires that the invention can "store the user's voice model files and enrollment entries in recoverable form as the user's Voice Model." The presumption of validity on 35 U.S.C. § 282(a) does not save claim 29, given that the files that are in the Voice Model are defined separately from the enrollment entries, and yet claim 29 would have the enrollment entries stored in the Voice Model. The term "enrollment entries" as used in this claim is invalid for indefiniteness.

Summary Judgment Order, Dkt. No. 126 at 13 (emphasis added).

SynKloud writes that "the inclusion of enrollment entries in a user's 'Voice Model' is the *precise metes and bounds of the invention*." Dkt. No. 129 at 4 (emphasis in original). But no one, skilled in the art or not, can explain the metes and bounds of *enrollment entries*. When asked how enrollment entries could be stored as "the voice model files and enrollment entries," the patent's named inventor, Darrell Poirier, responded, "[T]he real answer is I don't know. I just don't know about that." Dkt. 87-12 at 139:18–140:4. SynKloud's expert testified, "It's possible for enrollment entries to be voice model files, but they don't have to be." Nuance SJ Motion, Dkt. No. 87 at 8:11-13 (quoting deposition of SynKloud's expert). Nobody, certainly not SynKloud, the patent's inventor, or SynKloud's expert, knows the precise metes and bounds of the *enrollment entries* term.[2]

---

[2] Claim 34 and Claim 29 are both indefinite because they both have the *enrollment entries* term; when a term is found indefinite in one claim, all claims with that term are indefinite. *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1015-16 (Fed.Cir. 2006); *Bristol-Myers Squibb Co. v. Apotex, Inc.*, No. 10-5810 (MLC), 2013 U.S. Dist. LEXIS 44481, at *18 (D.N.J. Mar. 28, 2013); *Medtronic, Inc. v. W.L. Gore & Assocs.*, No. 06-04455 JSW, 2008 U.S.

8

Further, nothing in the patent talks about moving *enrollment entries* as part of Voice Model Mobility.  The term *enrollment entries* does not even appear in the patent outside of the claims.

The Court's finding, that the *enrollment entries* term is indefinite, is undoubtably correct, and striking the two sentences complained of will have no effect on that finding.

As for non-infringement, the Asserted Patent talks about moving voice model files and registration entries, and the Accused Product does not even have registration entries. Dkt. No. 87 at 12:9-16:4; 106, 8:22-13:1.  The only argument for infringement SynKloud has made is one that construes *enrollment entries* the only way the Court said it could not be construed: to be synonymous with voice model files.  That is, SynKloud alleges the Dragon Naturally Speaking User Profile is the same thing as the "voice model" in the patent. Dkt. No. 87-6 at 102, 273; *see also* Markman hearing transcript, Dkt. No. 87-11 at 36:15-16 (counsel for SynKloud states, "Dragon refers to use profile that's the same our expert talked as a user's voice model"); SynKloud's Expert Deposition, Dkt. 87-13 at 33:10-11 (explaining "Creating a New User Profile" in the Accused Products "describe[s] enrollment entries and what they are").  Yet the DNS User Profile (allegedly, the patent's "voice model") is comprised of things like name, accent, region, and vocabulary, which SynKloud also identifies as the "enrollment entries" in the Accused Products. *See* SynKloud's Infringement Contentions, Dkt. No. 87-6 at 117, 273; Dkt. No. 99 at 12-14 ("Common 'enrollment entries' include the username, language, region, accent, age, and vocabulary.").  To be clear, the only thing SynKloud points to in satisfaction of the *enrollment entries* term, are files use to create a User Profile (Voice Model), **which cannot be**

---

Dist. LEXIS 102860, at *36 (N.D. Cal. Dec. 9, 2008).   As will be presented to the jury, Claim 51 is equally indefinite.

9

*enrollment entries*.  SynKloud's recycled non-infringement arguments are futile based on this Court's repeated findings.  Even in its motion for reconsideration, the files SynKloud points to as evidence of *enrollment entries* are voice model files, not enrollment entries.  *See* Motion, Dkt. No. 129 at 13.  Again, files such as region, accent and vocabulary are the entries a user makes when creating a User Profile (the accused Voice Model).  SynKloud's expert even admits this repeatedly.  *See* Nuance Reply ISO Summary Judgment, Dkt. No. 106, at 3.  As such, if the entries accused by SynKloud (region, accent, etc) are anything relevant, they are voice model files, not enrollment entries.  The Accused Product does not have *enrollment entries*.  *See* Reply, Dkt. No. 106, at 1-5.

Regardless, nothing in SynKloud's Motion justifies reconsideration, much less a reversal of this Court's Summary Judgment Order based on the simple striking of two sentences from the Court's Claim Construction Order, issued a year and a half ago.

## V.     CONCLUSION

Nuance respectfully asks that SynKloud's request to relitigate matters already repeatedly argued and disposed of by this Court be denied.

Respectfully submitted,

*Rachael D. Lamkin*
Rachael D. Lamkin
LAMKIN IN DEFENSE
One Harbor Drive, Site 300
Sausalito, CA 94965
RDL@LamkinIPDefense.com
916.747.6091

/s/ Briana R. Cummings_____

10

        Briana R. Cummings (BBO #692750)
        Branch Legal LLC
        31 Church St., Suite 3
        Winchester, MA 01890
        781.325.8060
        781.240.6486 (fax)
        briana@branchlegal.com
        Attorney for Defendant

*Attorneys for Defendant*


/s/___David Greenbaum_____
David Greenbaum (pro hac granted)
NUANCE COMMUNICATIONS, INC.
1111 Macarthur Blvd.
Mahwah, NJ 07430
Tel: (201) 252-9100


*Attorneys for Defendant Nuance Communications Inc.*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September, 2022, a true and accurate copy of the above and foregoing:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Was filed with the Court's CM/ECF system, which provides service to all counsel of record.

*Rachael D. Lamkin*
Rachael Lamkin