IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SYNKLOUD TECHNOLOGIES, LLC**<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**NUANCE COMMUNICATIONS, INC.**<br><br>　　　　　　　　　Defendant. | Case No. 1:20-cv-10564-PBS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER**

Defendant Nuance Communications, Inc. ("Nuance") herein respectfully opposes Plaintiff SynKloud Technology, LLC's ("SynKloud's") Motion to Amend the Court's Scheduling Order, Dkt. No. 130.

///

///

///

///

///

///

0

I.  **SYNKLOUD'S MOTION TO AMEND THE COURT'S SCHEDULING ORDER SHOULD BE DENIED BECAUSE SYNKLOUD FAILED TO ESTABLISH THE REQUISITE "GOOD CAUSE" AND BECAUSE SYNKLOUD DELAYED IN BRINGING ITS MOTION FOR RECONSIDERATION FOR 16 MONTHS**

A scheduling order "shall not be modified except by leave of the judge . . . upon a showing of good cause." Fed. R. Civ. P. 16(b); *Giannetta v. Boucher*, No. 92-1488, 1992 U.S. App. LEXIS 33313, at *22 (1st Cir. Dec. 22, 1992); *Tele-Connections, Inc. v. Perception Tech. Corp.,* Civil Action No. 88-2365-S, 1990 U.S. Dist. LEXIS 15507, at *3 (D. Mass. Nov. 5, 1990) ("under Fed.R.Civ.P. 16(b), a scheduling order shall not be modified except upon a showing of good cause").

"[A]pplication of the 'good cause' standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders." *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004).

SynKloud fails to even cite the "good cause" standard in its Motion to Amend. Further, SynKloud's only basis for requesting that the Court amend its Scheduling Order is that SynKloud has filed a motion asking this Court to reconsider its Claim Construction Order. It is well-settled that the mere filing of a motion cannot establish "good cause". *See, e.g., Hearn v. United States*, No. 17-CV-3703 (ADS) (SIL), 2018 U.S. Dist. LEXIS 63738, at *4 (E.D.N.Y. Apr. 16, 2018) ("it is well-settled that the mere filing of a dispositive motion does not, by itself, provide good cause."); *Actelion Pharm., Ltd. v. Apotex Inc*., No. 12-5743(NLH/AMD), 2013 U.S. Dist. LEXIS 135524, at *18 (D.N.J. Sep. 6, 2013) ("clearly the mere filing of a dispositive motion does not, without more, constitute good cause for issuance of a stay, this Court need not form[] an opinion as to the merits of the [pending dispositive] motion."); *Herring v. Lapolla*

*Indus.*, No. 2:12-cv-02705-RMG, 2013 U.S. Dist. LEXIS 201527, at *3 (D.S.C. Aug. 30, 2013) ("the mere filing of a dispositive motion does not constitute 'good cause'[.]").

Moreover, this Court issued its Claim Construction Order, the basis for SynKloud's Motion for Reconsideration, 16 months ago.  *See* Dkt. No. 46.  SynKloud's own delay in bringing its Motion to Amend negates "good cause".  *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989) ("Here, the relevant indicators point uniformly toward disallowance. Garrity's tardiness was extreme."); *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir. 2004) ("Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment.")

Finally, SynKloud's proposed new schedule is unworkable.  *See* Dkt. No. 130, at 2.  If this Honorable Court were to grant SynKloud's Motion For Reconsideration, the Parties would need new expert reports based on the Court's new claim construction, new expert depositions, and new summary judgment motions.  None of that can be accomplished on SynKloud's proposed new timeline.

SynKloud filed its Complaint in March of 2020, asserting 16 claims of the Asserted Patent.  Over the last 2.5 years, the Parties and the Court have worked diligently, investing considerable resources, to prepare this case for trial.  Nuance is now painstakingly preparing to go to trial **on the single remaining asserted claim**, Claim 51.  The Court has worked conscientiously through more than a dozen motions, including two summary judgment motions and a Rule 11 motion.  Only SynKloud's Motion For Reconsideration and Nuance's *Daubert* Motion remain.  *See* Dkt. Nos. 113 and 129.  Given that SynKloud has failed to establish "good cause," given that SynKloud delayed 16 months in bringing its Motion For Reconsideration, Given that Nuance would be severely prejudiced by allowing SynKloud to delay trial on the

single remaining claim, Nuance asks that this Honorable Court deny SynKloud's Motion to Amend the Scheduling Order.

Respectfully submitted,

*Rachael D. Lamkin*
Rachael D. Lamkin
LAMKIN IN DEFENSE
One Harbor Drive, Site 300
Sausalito, CA 94965
RDL@LamkinIPDefense.com
916.747.6091

/s/ Briana R. Cummings_____
Briana R. Cummings (BBO #692750)
Branch Legal LLC
31 Church St., Suite 3
Winchester, MA 01890
781.325.8060
781.240.6486 (fax)
briana@branchlegal.com
Attorney for Defendant

*Attorneys for Defendant*


/s/___David Greenbaum_____
David Greenbaum (pro hac granted)
NUANCE COMMUNICATIONS, INC.
1111 Macarthur Blvd.
Mahwah, NJ 07430
Tel: (201) 252-9100


*Attorneys for Defendant Nuance Communications Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2022, a true and accurate copy of the above and foregoing:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Was filed with the Court's CM/ECF system, which provides service to all counsel of record.

*Rachael D. Lamkin*
Rachael Lamkin

4