UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
SYNKLOUD TECHNOLOGIES, LLC,        )
                                   )
         Plaintiff,                )
                                   )      Civil Action
v.                                 )      No. 1:20-cv-10564
                                   )
NUANCE COMMUNICATIONS, INC.,       )
                                   )
         Defendant.                )
                                   )
_____)

## MEMORANDUM AND ORDER

November 21, 2022

Saris, D.J.

On September 13, 2022, pursuant to Fed. R. Civ. P. 54(b), SynKloud Technologies, LLC (SynKloud) moved for reconsideration of two sentences in the Memorandum and Order on Claim Construction (Docket No. 46) of the claims in the '248 Patent issued on May 28, 2021. There, the Court stated: "Without support in the patent, SynKloud seeks to define the term "voice model" or user's voice model files to include enrollment entries. To reiterate, SynKloud again improperly seeks to conflate enrollment entries with the voice model" (Id. at 20). SynKloud also seeks reconsideration of the order allowing in part Nuance's Motion for Summary Judgment (Docket No. 126).

As background, the Court had rejected SynKloud's proposed definition of enroll to mean "create a user's voice model" (p.

8). Rather, it defined "enroll" according to its plain meaning "register" and "enrollment entries" as "entries that a user makes during the registration process." (Id. at 21). The Court explained "Plaintiff's proposed construction does not account for the patent's significant distinction between "user's voice model files" and "enrollment entries" (Id. at 9). The Court adopted the definition of Voice Model in the patent as "a signal, information, or electronic data file that is information and/or parameters that representation [sic] a person's voice or a noise" (Id. at 18). The Court adopted the same definition for the term "voice model."

The Court denies the motion for reconsideration on two grounds. First, it is untimely because the request to amend the claim construction Memorandum and Order was filed 16 months after it was received, and after extensive briefing on the motion for summary judgment. Second, even if I struck the two sentences, the revision would not save the day for SynKloud. SynKloud argues that "enrollment entries" might contain information which also falls within the patent's definition of Voice Model. This may be true. For example, to enroll, a user may be asked for her accent when she registered, and arguably that "information" could also be included in a user's voice model. But, the terms enrollment entries and Voice Model are used separately in the patent. Plaintiff vigorously presses the

argument that the Court was wrong when it indicated that enrollment entries are distinct from a voice model. (Docket No. 29, p. 13). If so, the patent term "enrollment entries," which is not explained in the specification, is imprecise, confusing and indefinite because it fails to inform, with reasonable certainty, those skilled in the art about the scope of the term "enrollment entries." <u>Nautilus, Inc. v. Biosig Instruments, Inc.</u>, 572 U.S. 898, 901 (2014).

### **ORDER**

The motion for reconsideration (Docket No. 129) is **DENIED**.

/s/ Patti B. Saris
Patti B. Saris
United States District Judge